UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KELLI HAYWARD, an individual,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

No. 2:16-cv-3047-MCE-DMC

**ORDER**

Through the present lawsuit, Plaintiff Kelli Hayward ("Plaintiff") seeks damages against her mortgage servicer, Defendant Bank of America, N.A. ("BANA") on grounds that BANA wrongfully withheld payments received from Plaintiff's insurance carrier following a 2013 fire loss and failed to credit those retained funds against the outstanding balance owing on Plaintiff's mortgage loan. Presently before the Court is Plaintiff's Motion to Extend Discovery Deadline (ECF No. 38). Plaintiff's Motion also seeks to extend the hearing date on Defendant's Motion for Summary Judgment (ECF No. 35) in order to accommodate that discovery extension.

Plaintiff's lawsuit was initially filed on December 29, 2016. Plaintiff was initially represented by attorney Mark Ankcorn and discovery commenced. The Court's initial Pretrial Scheduling Order ("PTSO") called for a completion date of fact discovery by December 29, 2017, and it appears that discovery between the parties began in April

1

2017. On December 4, 2017, due to ongoing issues concerning the encryption of file materials provided by BANA, Plaintiff sought a discovery extension. Technical issues pertaining to document production persisted, and the Court, on its own motion, extended the discovery deadline to April 2, 2018, and ordered a Status Conference on January 25, 2018, at which time the Court directed BANA to work with counsel in furnishing documents in an accessible fashion and to make a BANA witness available for deposition by Plaintiff. In the meantime, the Court was advised that Mr. Ankcorn's wife had been diagnosed with metastatic colon cancer, which made it necessary for her to undergo a chemotherapy regimen and for Ankcorn himself to travel. ECF No. 30. Mr. Ankcorn consequently was permitted to appear by telephone at the time of the January 25, 2018 Status Conference. ECF No. 31.

On March 26, 2018, shortly before discovery was scheduled to close, Mr. Ankcorn withdrew as counsel, which left attorney Dante Pride, who had initially appeared as co-counsel with Ankcorn on March 6, 2018, as Plaintiff's lead attorney. Due to confusion about who was supposed to appear, depositions scheduled by Defendants were not entered on Mr. Pride's calendar, and he had to make last-minute arrangements to participate in those depositions on March 23, 2018, before Mr. Ankcorn had even substituted out of this matter. According to Mr. Pride's declaration, he informed BANA's counsel that he would need to extend existing dates on March 26, 2018, presumably because he had just become involved in handling the case. Pride Decl., ECF No. 38-1, ¶ 16.

BANA refused Plaintiff's request to both extend the time for completing discovery and the date for hearing on BANA's Motion for Summary Judgment, which it had filed on March 9, 2018, nearly a month before discovery had closed. Plaintiff filed its Motion to Extend Discovery Deadline just three days after that refusal, on March 29, 2018.

This Court's initial PTSO was issued on December 30, 2016. Once a district court has issued a PTSO pursuant to Federal Rule of Civil Procedure 16, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08

(9th Cir. 1992). Prior to a final pretrial conference in this matter, which has not yet been scheduled, the Court can modify its PTSO upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

Here, it appears that Dante Pride had just taken over responsibility for handling this matter when BANA moved for summary judgment. Additionally, Mr. Pride filed his motion to continue fact discovery as well as the hearing on BANA's Motion for Summary Judgment (which had been scheduled for April 19, 2018) just three days after BANA's counsel declined to stipulate to any continuance.

Under these circumstances the Court cannot find that Mr. Pride was less than diligent. While BANA tries to argue that his failure to specify just what additional discovery was needed should doom his request, the fact remains that Pride had only just become involved and could not necessarily be expected to appreciate the discovery demands of a case for which he had just assumed primary responsibility. In addition, he promptly moved for continuances once he realized that an agreement in that regard could not be effectuated.

////

////

Plaintiff's Motion to Extend Discovery (ECF No. 38) is accordingly GRANTED.[1] The deadline for completing fact discovery in this matter is extended to February 8, 2019. Given that extension, Defendant BANA's Motion for Summary Judgment (ECF No. 38) is DENIED, without prejudice, as premature. Defendant BANA may renew its request for summary judgment once fact discovery has closed.

IT IS SO ORDERED.

Dated: November 13, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

4