David S. Reidy (SBN 225904)
dreidy@mcguirewoods.com
Adrian L. Canzoneri (SBN 265168)
acanzoneri@mcguirewoods.com
Jamie D. Wells (SBN 290827)
jwells@mcguirewoods.com
**MCGUIREWOODS LLP**
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorneys for Defendant
Bank of America, N.A.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI HAYWARD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | CASE NO. 2:16-CV-03047-MCE-CMK<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      July 25, 2019<br>Time:     2:00 p.m.<br>Courtroom:  7<br><br>Complaint Filed: December 29, 2016<br>FAC Filed: March 13, 2017<br><br>Honorable Morrison C. England |

---

1  **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE** that on July 25, 2019, or as soon thereafter as the matter may be heard

3  before the Honorable Morrison C. England, Jr. in Courtroom 7 of the above entitled court, located at 501

4  I Street, Sacramento, California 95814, Defendant Bank of America, N.A. ("BANA") will and hereby

5  does move this Court, pursuant to Rule 11 of the Federal Rules of Civil Procedure for an order dismissing

6  or, in the alternative, striking Plaintiff's TCPA claim and issuing sanctions against Plaintiff's counsel. The

7  undisputed evidence makes clear that Plaintiff's TCPA claim lacks merit. Despite knowing that Plaintiff

8  cannot present any evidence supporting her TCPA claim, Plaintiff and her counsel have elected to pursue

9  it. BANA accordingly requests that the Court dismiss, or in the alternative, strike Plaintiff's TCPA claim,

10  and assess whatever sanctions the Court deems appropriate.

11       This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and

12  Authorities, BANA's initial motion for summary judgment [ECF 35], BANA's index of exhibits [ECF

13  35-2], BANA's renewed motion for summary judgment [ECF 49], BANA's separate statement of

14  undisputed material facts in support of its renewed motion for summary judgment [ECF 49-3], the

15  declarations of Shalini Parker [ECF 35-5] and David S. Reidy  ("Reidy Decl.") [ECF 49-2], as well as the

16  pleadings and papers on file in this action, and on such other and further matters and arguments as may be

17  presented prior to, and at the hearing of this motion.

18

19  DATED: June 5, 2019                    MCGUIREWOODS LLP

20

21                              By:  */s/ David S. Reidy*
                                     David S. Reidy
22                                   Attorneys for Defendant,
                                     Bank of America, N.A.
23

24

25

26

27

28

1

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3  I.     INTRODUCTION...................................................................................................... 1

4  II.    LEGAL STANDARD ................................................................................................ 2

5  III.   ARGUMENT ............................................................................................................. 3

6       A.    Plaintiff Cannot Prove That BANA Violated the TCPA Because There is No Evidence of Autodialed Calls, and BANA Had Consent to Call In Any

7             Event.................................................................................................................... 3

8       B.    Rule 11 Requires Dismissal of Plaintiff's TCPA Claim and Sanctions................... 5

   IV.   CONCLUSION ......................................................................................................... 6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*,
     855 F.2d 1470 (9th Cir. 1988)........................................................................2

*Jeffrey Randall v. First Solar, Inc.*,
     2016 WL 6089816 (C.D. Cal. 2016), *aff'd sub nom. Estate of Randall v. First
     Solar, Inc.*, 711 F. App'x 410 (9th Cir. 2018)............................................3, 5, 6

*Meyer v. Portfolio Recovery Assoc.*,
     LLC, 707 F.3d 1036 (9th Cir. 2012) ..........................................................3

*In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
     30 F.C.C. Rcd. 7961 (July 10, 2015)............................................................4

*Van Patten v. Vertical Fitness Grp.*,
     LLC, 847 F.3d 1037 (9th Cir. 2017) .............................................................4

**Statutes**

28 U.S.C. § 1658(a)............................................................................................3

47 U.S.C § 227(b)(1)(A) ..................................................................................3

Fed.R.Civ.P. 11(c)............................................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff's lawsuit against Bank of America, N.A. ("BANA") includes a claim under the Telephone Consumer Protection Act ("TCPA") that appears to have been tacked on to an otherwise unrelated dispute. After two years of litigation and discovery by Plaintiff and her different sets of attorneys not only have they failed to adduce any evidence sufficient to raise a triable issue on the merits regarding Plaintiff's TCPA claim, but they have also failed to justify the original assertion of a TCPA claim, let alone Plaintiff's continued pursuit of the claim. Despite months of requests by BANA, including letters laying out evidence showing that the phone calls at issue were not autodialed (and therefore not actionable), and that Plaintiff gave consent to receive calls from BANA (and therefore lacks standing), Plaintiff and her attorneys refuse to dismiss the TCPA claim. Rule 11 sanctions are now warranted.

The bulk of this case revolves around the disposition of insurance funds that Plaintiff received following the destruction of her property by fire in September 2013. Plaintiff tendered the funds to BANA, pursuant to the Deed of Trust that secured her mortgage loan, and alleges that BANA mishandled the funds. BANA contends that the evidence proves it did not engage in any misconduct with regard to the insurance proceeds, as set forth in BANA's Motion for Summary Judgment (ECF 35, and renewed ECF 49). The parties agree that the underlying events related to Plaintiff's other causes of action took place: namely, that there *was* a fire, that BANA received insurance proceeds from Plaintiff, that a dispute arose with regard to the disposition of those funds, etc. Plaintiff's TCPA claim is different, however, as it is untethered to any underlying reality.

Fundamentally, there is no evidence the calls at issue were placed using an autodialer. But it is also clear that BANA had consent to place calls to Plaintiff. Indeed, for several years, Plaintiff was in contact with BANA a great deal because of the insurance issue. Plaintiff called BANA during this time, and BANA called Plaintiff—there was never any question of consent.

BANA has conferred with Plaintiff's counsel requesting dismissal on more than one occasion. Reidy Decl. ¶¶ 22, 23, 26 (Exs. C, F). On June 5, 2019, BANA personally served this motion, triggering the 21-day safe harbor period. Reidy Decl. ¶ 27. BANA therefore brings this

1  motion requesting that the Court dismiss or, in the alternative, strike Plaintiff's TCPA claim and

2  issue sanctions against Plaintiff's counsel.

3  ## II.    **LEGAL STANDARD**

4       Rule 11(b) provides that by presenting a pleading, written motion, or other paper to the

5  Court, an attorney or unrepresented party is certifying to the best of his "knowledge, information,

6  and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented

7  for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the

8  cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by

9  existing law…; (3) the allegations and other factual contentions have evidentiary support…"

10 Fed.R.Civ.P. 11(b).

11      Rule 11 requires "litigants to 'stop-and-think' before initially making legal or factual

12 contentions. It also, however, emphasizes the duty of candor by subjecting litigants to potential

13 sanctions for insisting upon a position after it is no longer tenable and by generally providing

14 protection against sanctions if they withdraw or correct contentions after a potential violation is

15 called to their attention." Committee Notes on Amendments to Federal Rules of Civil Procedure

16 ("Committee Notes"), 146 F.R.D. 401, 584-85 (1993).

17      "An attorney entering a case during its pendency cannot ignore all that has gone on before."

18 *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1477 (9th Cir. 1988) (refused to

19 consider argument that attorney's conduct was entirely separate from conduct of prior counsel and

20 thus, should not be considered when evaluating whether motion to dismiss was frivolously filed).

21 "[A] litigant's obligations with respect to the contents of [] papers [filed with or submitted to the

22 court] are not measured solely as of the time they are filed with or submitted to the court, ***but***

23 ***include reaffirming to the court and advocating positions contained in those pleadings and***

24 ***motions after learning that they cease to have any merit***." Committee Notes, 146 F.R.D. at 585

25 (emph. added). "[I]f evidentiary support is not obtained after a reasonable opportunity for further

26 investigation or discovery, the party has a duty under the rule not to persist with that contention."

27 *Id.* at 585-86.

28

The court has discretion to impose monetary or non-monetary sanctions against an attorney for violating Rule 11. Fed.R.Civ.P. 11(c); *Jeffrey Randall v. First Solar, Inc.*, 2016 WL 6089816, at *10 (C.D. Cal. 2016), *aff'd sub nom. Estate of Randall v. First Solar, Inc.*, 711 F. App'x 410 (9th Cir. 2018) (imposing monetary sanctions against plaintiffs' counsel).

## III.   ARGUMENT

### A.   Plaintiff Cannot Prove That BANA Violated the TCPA Because There is No Evidence of Autodialed Calls, and BANA Had Consent to Call In Any Event

The TCPA prohibits any person from placing autodialed calls to cell phones without the prior express consent of the called party. 47 U.S.C § 227(b)(1)(A); *Meyer v. Portfolio Recovery Assoc.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012). Plaintiff alleges that BANA violated the TCPA when it placed autodialed calls to her cell phone numbers ending -8550 and -2448. FAC ¶¶ 16, 52-58. But the evidence shows BANA made only manual calls to Plaintiff's cell phones and had consent to place calls in any event.

Within the applicable four year limitations period, 28 U.S.C. § 1658(a), BANA placed calls to the -8550 number between January 2013 and May 2016 [UMF 32], and to the number ending -2448 between August 2014 and December 2016. UMF 35.[1] In discovery, Plaintiff obtained all of BANA's call logs and records related to her mortgage account, including Exhibit 9 to BANA's Index of Exhibits [ECF 35-2] which lists all the "Dialer" and "Manual" calls placed to Plaintiff, and the specific dates and numbers called in each instance. Reidy Decl. ¶ 20; ECF 35-5 (Parker Decl. ¶ 26, Ex. 9). The call logs list all the relevant calls to Plaintiff's cell phones as "manual," not "dialer" calls, and each manual entry lists the individual who placed the call. UMF 29. Plaintiff did not produce any records of her own indicating that any other calls were received or are at issue in the case. There is no evidence that any call to either number was placed using an autodialer, as

---

[1] The evidence cited herein refers to the separate statement of undisputed material facts ("UMF") submitted in support of BANA's renewed motion for summary judgment [ECF 49-3] and Declaration of David Reidy [ECF 49-2], as well as the Declaration of Shalini Parker [ECF No. 35-5] and Index of Exhibits [ECF No. 35-2], which were previously filed in support of BANA's initial summary judgment motion [ECF No.35].

required by the statute. 47 U.S.C § 227(b)(1)(A). Notably, Plaintiff did not question BANA's 30(b)(6) witness about these notations. Reidy ¶ 23.

BANA also had consent to place the calls. On several occasions as early as May 2012, Plaintiff gave consent (including in writing) to receive calls to her number ending -8550. UMF 30-31. She similarly gave consent to receive calls to her number ending -2448. UMF 33, 35, 36. Plaintiff's verbal and written consents were sufficient as a matter of law to permit the calls under the TCPA. *See In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 8028, ¶ 141 (July 10, 2015) (a party who provides her wireless number to a creditor "reasonably evidences prior express consent by the cell phone subscriber to be contacted at the number regarding the debt").

Plaintiff claims that she revoked consent by means of a letter from her attorney to BANA dated February 20, 2015. Reidy Decl. ¶ 24 (Exs. D-E). But the February 2015 letter does not ask BANA to stop calling Plaintiff's -8550 or -2448 numbers, and in fact does not mention phone calls at all but merely directs BANA to "to immediately cease and desist all collection activity." *See id*. As such, it is insufficient to revoke consent under the TCPA. "Revocation of consent must be clearly made and express a desire not to be called or texted." *Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037, 1048 (9th Cir. 2017) (granting summary judgment absent evidence that plaintiff told defendants to cease contacting him on his cell phone).

Even treating the February 2015 letter as a revocation, there is no evidence any autodialed calls were placed after that date. By way of illustration, the following chart summarizes the calls to the -8550 number listed in BANA's call logs in the period <u>after</u> February 2015, and shows only three manual calls placed by the individuals identified in the notes:

| #8550 | | | | |
|---|---|---|---|---|
| DATE | TIME | USER | ACTION | CALL |
| 05/03/2016 | 20:38:1 | ZK3K2QN - JAMES BELLONE | No Message - Answering | *Manual* |
| 03/03/2016 | 12:12:1 | NBKIWXK - Kim Mogeni | No Message - Answering | *Manual* |
| 11/04/2015 | 20:16:2 | NBKZGJK - Jeremiah Buenrostro | No Message - Answering | *Manual* |

UMF 29 (Parker Decl. ¶ 26, Ex. 9).

1   Finally, it is undisputed that following the December 6, 2016 call with BANA, in which
2   Plaintiff stated that BANA was not to call the -2448 phone number, BANA only placed calls to
3   Plaintiff's landline. UMF 38.

4   In sum, the undisputed evidence proves that Plaintiff's TCPA claim lacks merit.

5   **B.   Rule 11 Requires Dismissal of Plaintiff's TCPA Claim and Sanctions**

6   A Rule 11 violation may occur where an attorney reaffirms or presents claims asserted in a
7   prior pleading "after learning that they cease to have any merit." *Id.* at 585; *Jeffrey Randall*, 2016
8   WL 6089816, at *9 (plaintiffs' counsel violated Rule 11 by continuing to prosecute plaintiffs'
9   claims, including opposing defendant's motion for summary judgment after plaintiffs' counsel
10  should have known plaintiffs' claims lacked merit).

11  On March 5, 2019, Plaintiff's counsel deposed BANA's Rule 30(b)(6) witness, Shalini Parker.
12  Reidy Decl. ¶ 21. After the deposition was concluded, BANA's counsel spoke with Plaintiff's counsel
13  at length regarding the lack of evidence supporting Plaintiff's TCPA claim and asked Plaintiff's
14  counsel to dismiss the claim. Reidy Decl. ¶ 22. Plaintiff's counsel agreed to review the previously
15  filed summary judgment motion, and the record, and provide a response. *Id.* On April 30, 2019,
16  BANA's counsel sent a letter to Plaintiff's counsel citing Rule 11 and demanding that Plaintiff
17  dismiss her claim under the TCPA. Reidy Decl. ¶ 23. The letter cited the lack of any evidence that
18  BANA ever placed an automated call to Plaintiff's cell phone numbers without consent, and also
19  referred to the recent deposition of Ms. Parker, in which Plaintiff had the opportunity to test the
20  evidence on this point (having filed a successful motion to re-open discovery), yet opted not to.
21  Reidy Decl. ¶ 23.

22  On May 7, 2019, Plaintiff's counsel sent BANA's counsel an email responding to the letter,
23  and citing a February 20, 2015 letter as evidence that Plaintiff revoked her consent to receive calls
24  from BANA.[2] Reidy Decl. ¶ 25. On May 15, 2019, BANA's counsel sent a further letter to
25  Plaintiff's counsel, addressing the February 2015 letter that Plaintiff contends constituted a

---

[2] The February 20, 2015 letter referred to was not attached to Plaintiff's counsel's May 7, 2019 email. Reidy Decl. ¶ 24.

1 | revocation of her consent to be called, and also summarizing the call logs that show no autodialed

2 | calls were place to Plaintiff's cell phones by BANA. Reidy Decl. ¶¶ 25-26. Ex. F.

3 |      Plaintiff reopened discovery for the purpose of deposing BANA's 30(b)(6) witness, Ms.

4 | Parker, on a range of topics, including on the calls placed to Plaintiff and BANA's autodialer

5 | policies and procedures. Reidy Decl. ¶ 20. The discovery extension did nothing to change the

6 | evidence on Plaintiff's claims, including her TCPA claim and there is no good faith basis for

7 | Plaintiff and her counsel to continue prosecuting Plaintiff's TCPA claim, or to oppose BANA's

8 | upcoming motion for summary judgment on the issue. Plaintiff has had every opportunity to

9 | conduct discovery and to attempt to prove an autodialed call was placed to her cell phone without

10 | consent, and Plaintiff's substituted counsel has had over a year to assess the evidence, including

11 | the benefit of reviewing BANA's previously filed motion for summary judgment.

12 |      Plaintiff's counsel is now under an obligation to dismiss the TCPA claim after learning that

13 | it lacks merit. Committee Notes, 146 F.R.D. at 585. Failing to do so amounts to a violation of Rule

14 | 11 and warrants sanctions. *Jeffrey Randall*, 2016 WL 6089816, at *9; Committee Notes, 146 F.R.D.

15 | at 587 ("The court has significant discretion in determining what sanctions, if any, should be

16 | imposed for a violation.").

17 | **IV.**   **CONCLUSION**

18 |      The undisputed evidence makes clear that Plaintiff's TCPA claim lacks merit and is nothing

19 | more than a fabricated attempt to bring additional claims against BANA. Despite knowing that

20 | Plaintiff cannot present any evidence supporting her TCPA claim, Plaintiff and her counsel have

21 | elected to pursue it, in violation of Rule 11. BANA accordingly requests that the Court dismiss, or

22 | in the alternative, strike Plaintiff's TCPA claim, and assess whatever sanctions the Court deems

23 | appropriate.

24 | DATED: June 5, 2019           MCGUIREWOODS LLP

25 |

26 |           By:  */s/ David S. Reidy*

27 |               David S. Reidy
              Attorneys for Defendant

28 |               Bank of America, N.A.

1

<u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on June 26, 2019, I electronically transmitted the foregoing document

3 to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice

4 of Electronic Filing.

5       I declare under penalty of perjury under the laws of the United States of America that the

6 foregoing is true and correct.

7       Executed on June 26, 2019, at San Francisco, California.

8

9                               */s/ David S. Reidy*

10                                 David S. Reidy

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE